## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| RUDELL JOHNSON, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:20-cv-07522 |
| HEALTH IQ INSURANCE SERVICES, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

### COMPLAINT

**NOW COMES** Rudell Johnson ("Plaintiff"), by and through his undersigned attorneys, complaining as to the conduct of Health IQ Insurance Services, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and for violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1 for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law ICFA claim under 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois, Plaintiff resides in the Northern District of Illinois, and a

substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

5.  Plaintiff is a natural person over 18-years-of-age and is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

6.  Defendant's website promotes that it is "an insurance company rewarding those with healthy lifestyles..." Defendant is a limited liability company organized under the laws of the state of Missouri, with its principal place of business located at 2513 Charleston Road, Suite 102, Mountain View, California 94043.[1]

## FACTS SUPPORTING CAUSES OF ACTION

7.  In or around late November 2020, Defendant began placing solicitation calls to Plaintiff's cellular telephone number (224) XXX-0802, in effort to sell Plaintiff a health insurance plan.

8.  Plaintiff is and always has been the sole subscriber, owner, possessor, and operator of the cellular telephone number ending in 0802.

9.  Plaintiff has no prior business relationship with Defendant and has *never* consented to receive phone calls to his cellular telephone from Defendant.

10. On more than one occasion, Plaintiff answered phone calls from Defendant and stated that he is already insured and requested to cease calling his cellular phone.

11. Defendant's representatives interrupted Plaintiff's pleas and stated it would continue to place calls in effort to sell him the insurance.

---

[1] https://www.healthiq.com/mission (last visited: December 18, 2020).

12. During one of the phone calls, Plaintiff asked Defendant's representative how his information had been obtained. The representative informed Plaintiff that he must have provided his information on Defendant's website, healthiq.com.

13. Plaintiff *never* provided his cellular telephone number to Defendant or otherwise expressly consented to Defendant's phone calls, and did not fill out his information on its website.[2]

14. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

15. In total, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from November 2020 through the present day without his consent.

16. In the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

17. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

18. Moreover, Plaintiff also hears what sounds to be call center noise in the background of each of Defendant's calls.

19. Defendant has used numerous phone numbers to place collection calls to Plaintiff's cellular phone number, including but not limited to (408) 549-8115.

20. Upon information and belief, it may have also used other phone numbers to place calls to Plaintiff's cellular phone.

---

[2] Upon information and belief, Defendant obtained Plaintiff's telephone number through a method known as "skip-tracing," whereby telemarketers obtain phone numbers by conducting inquiries upon consumer credit reports or other public record searches.

## DAMAGES

21. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

22. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

23. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

24. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Defendant placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without his prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

27. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

28. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an automated dialing system to place calls to Plaintiff's cellular telephone.

29. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

30. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on his cellular phone.

31. The fact that Defendant's phone system continued to place calls after Defendant was aware that Plaintiff did not wish to receive further calls clearly evinces the fact that Defendant's phone system stored Plaintiff's phone number and continued to randomly or sequentially auto-dial Plaintiff's cellular phone number without his prior written consent.

32. There would be no reason for Defendant to continue to contact Plaintiff, especially after having been notified to cease all telephone communications. Yet, Defendant's ATDS continued to keep Plaintiff's phone number stored, causing its system to randomly or sequentially dial the number dozens of times thereafter.

33. Any prior consent, if any, was revoked by Plaintiff's verbal revocations.

34. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone from November 2020 through the present day, using an ATDS without his prior written consent.

35. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

36. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

37. Upon information and belief, Defendant knew its solicitation practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

38. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on his cellular phone.

39. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

40. Defendant, through its agents, vendors, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

41. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, RUDELL JOHNSON respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a.  Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;

   b.  Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C);

   c.  Enjoining Defendant from further communicating with Plaintiff; and

   d.  Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT

42. Plaintiff restates and reallages paragraphs 1 through 41 as through fully set forth herein.

43. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby."
> 815 ILCS 505/2.

44.  Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/(c) and (e) respectively.

45. Defendant is engaged in commerce in the State of Illinois with regard to Plaintiff. Defendant specializes in soliciting health insurance plans, which is an activity within the stream of commerce and utilized in its regular course of business.

46.  Defendant violated 815 ILCS 505/2 by engaging in unfair acts in its attempts to solicit Plaintiff into attaining its health insurance plan.

47.  It was unfair for Defendant to relentlessly contact Plaintiff, when it had no reason or permission to do so. The fact that it was continuously calling Plaintiff without his prior written

consent is illustrative of Defendant's unfair business practice.

48.    It was unfair for Defendant to seek to solicit Plaintiff into signing up for its health insurance through relentless harassing phone calls to his cellular telephone without his prior written consent attempting to dragoon him into procuring its services.

49.    It was unfair for Defendant to place or cause to be placed frequent harassing unsolicited phone calls to Plaintiff's cellular phone, without his prior consent with multiple calls taking place in one day and on back to back days.

50.    Defendant's unfair conduct is inherently oppressive as Plaintiff had no choice but to submit to the relentless harassing phone calls to his cellular telephone.

51.    Moreover, Defendant's unfair conduct is against public policy because it needlessly subjects consumers to unsolicited calls, resulting in a significant harm in the form of invasion of privacy and nuisance.

52.    Upon information and belief, Defendant systematically places harassing phone calls to consumers in Illinois in order to aggressively solicit its services to increase its profitability at the consumers' expense.

53.    Upon information and belief, placing harassing phone calls to Illinois consumers who do not legally consent to receive phone calls is an unfair business practice willfully employed by Defendant and is done on a large scale.

54.    Additionally, Defendant's unlawful and unfair telemarketing efforts gives it an unfair competitive advantage over businesses that solicit services lawfully (companies who legally place calls with consent, as authorized, and who lawfully cease calling upon requests to stop).

55.    As alleged above, Plaintiff was substantially harmed by Defendant's misconduct.

56.    An award of punitive damages is appropriate because Defendant's conduct described

above was outrageous, willful and wanton, showed a reckless disregard for the rights of the

Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to the never-ending

phone calls.

**WHEREFORE**, Plaintiff, RUDELL JOHNSON respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a.   Enter judgment in Plaintiff's favor and against Defendant;

    b.   Award Plaintiff actual damages in an amount to be determined at trial;

    c.   Award Plaintiff punitive damages in an amount to be determined at trial;

    d.   Award Plaintiff reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and

    e.   Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: December 18, 2020                          Respectfully Submitted,

                                       /s/ Marwan R. Daher
                                       /s/ Omar T. Sulaiman
                                       /s/ Alexander J. Taylor
                                       Marwan R. Daher, Esq.
                                       Omar T. Sulaiman, Esq.
                                       Alexander J. Taylor, Esq.
                                       *Counsel for Plaintiff*
                                       Sulaiman Law Group, Ltd
                                       2500 S Highland Ave, Suite 200
                                       Lombard, IL 60148
                                       Telephone: (630) 575-8181
                                       mdaher@sulaimanlaw.com
                                       osulaiman@sulaimanlaw.com
                                       ataylor@sulaimanlaw.com